IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER M. INTROCASO, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-3726 |
| | : | |
| PATRICK L. MEEHAN, et al., | : | |
| Defendants | : | |

M E M O R A N D U M

**STENGEL, J.** January 14, 2008

In May 2004, Alexander M. Introcaso was indicted by a federal grand jury with knowing possession of an unregistered firearm, i.e., a sawed-off or short-barrel shotgun; and unregistered destruction devices, i.e., three hand grenades, all in violation of various sections of the United States Code. A year later, a jury found the plaintiff guilty of both counts.

On August 24, 2007, the plaintiff filed a complaint in the Court of Common Pleas of Lehigh County against various federal and state officials and members of law enforcement agencies, alleging that he had been improperly subjected to the search of his property, criminal investigation, and federal prosecution, all under color of the joint state and federal law enforcement initiative known as Project Safe Neighborhoods. Introcaso also alleges that these actions violated his federal constitutional rights.

The defendants removed the case to this court pursuant to 28 U.S.C. § 1442(a)(1), which provides that:

> A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title, or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

Known as the federal officer removal statute, Section 1442(a)(1) is the culmination of a long history of removal provisions designed to protect federal officers in the performance of their federal duties.  See Mesa v. California, 489 U.S. 121 (1989); see also Willingham v. Morgan, 395 U.S. 402, 405-07 (1969).  While the scope of the federal officer removal statute has broadened, its underlying rationale remains unchanged: "Congress has decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum."  Willingham, 395 U.S. at 407.  A federal officer's right of removal under § 1442(a)(1) is therefore available whenever a suit in a state court is for any act "under color" of federal office, i.e., whenever a federal defense can be alleged by the federal officer seeking removal.  Mesa, 489 U.S. at 125.  The removal statute clearly covers "all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law.  In fact, one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a

federal court." Mesa, 489 U.S. at 133 (quoting Willingham, 395 U.S. at 406-07).  A federal court's role under § 1442 is similar to that of a federal court sitting in diversity.  See City of Aurora v. Erwin, 706 F.2d 295, 296-97 (10th Cir. 1983).  The federal officer removal statute permits an action to be adjudicated on the merits in a federal court "free from local interests or prejudice," Arizona v. Manypenny, 451 U.S. 232, 241-42 (1981), and a federal officer is therefore guaranteed a federal forum in which federal rules of procedure will be applied.

Notwithstanding this well-settled jurisprudence, the plaintiff filed a timely motion to remand the case to the Lehigh County Court of Common Pleas, claiming that the complaint had set forth intentional, deliberate and manifest causes of action that occurred within Pennsylvania which were contrary to the common laws, constitution, and statutes of the Commonwealth of Pennsylvania.  He further claims that these alleged actions committed against him are "contrary to Pennsylvania's protective shield in the event of, as here, Bizarre Federal Encroachment."  This protective shield, the plaintiff alleges, is a guarantee that he would not have to tolerate invasion and violation of his rights "especially by and through deceitful violations via Federal Totalitarian Usurpation and Encroachment in defiance of Pennsylvania law."

Introcaso is suing, *inter alia*, the United States Attorney for the Eastern District of Pennsylvania, an Assistant United States Attorney for the Eastern District of Pennsylvania, and a Special Agent of the Bureau of Alcohol, Tobacco and Firearms.  The

alleged claims against these defendants arise from their acts taken or omitted as officers of the United States, or as persons acting under the direction of one or more officers of the United States, while acting under color of their federal offices in the investigation and prosecution of Introcaso. The remaining defendants consented to the removal of this action. I find that the circumstances of this case satisfy the requirements of § 1442 and therefore entitle the defendants to a federal proceeding in accordance with federal rules of procedure. Accordingly, I will deny the plaintiff's motion to remand.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER M. INTROCASO, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-3726 |
| | : | |
| PATRICK L. MEEHAN, et al., | : | |
| Defendants | : | |

**O R D E R**

   **AND NOW,** this    14th    day of January, 2008, upon consideration of the plaintiff's motion to remand (Document #12), and the defendants' responses thereto, it is hereby ORDERED that the motion is DENIED in its entirety.

                                                                BY THE COURT:


                                                                 /s/ Lawrence F. Stengel
                                                                LAWRENCE F. STENGEL, J.