IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER M. INTROCASO, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | NO. 07-3726 |
| | : | |
| JAMES M. POLYAK, et al., | : | |
|     Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                                                                  July 9, 2008

       Alleging constitutional and common law tort claims targeting his prosecution and conviction for violating the National Firearms Act, Alexander M. Introcaso, who is represented by counsel, brings this civil action against various federal, state, and local law enforcement officials.[1]  In doing so, he rehashes many claims already rejected by the District Court, the Third Circuit Court of Appeals, and the United States Supreme Court during criminal and collateral proceedings in which he challenged his conviction and sentence.[2]  Among the defendants whom Introcaso sues is James M. Polyak, Esquire, the

---

[1] On August 24, 2007, Introcaso filed the complaint in the Court of Common Pleas of Lehigh County alleging that he had been improperly subjected to the search of his property, criminal investigation, and federal prosecution, all under color of the joint state and federal law enforcement initiative known as Project Safe Neighborhoods.  The defendants removed the case to this court pursuant to 28 U.S.C. § 1442(a)(1).  I subsequently denied Introcaso's motion for remand.  See Document #35.  On July 2, 2008, the Third Circuit Court of Appeals dismissed Introcaso's appeal of that Order for lack of jurisdiction.  See Document #56.

[2] Among Introcaso's collateral attacks have been: (1) an unsuccessful petition for writ of *habeas corpus* to the Court of Appeals; (2) a second later-denied *habeas* petition to the Court of Appeals; (3) an August 28, 2006 motion under 28 U.S.C. § 2255 to vacate or set aside his sentence, which the trial court held in abeyance pending Introcaso's direct appeal; (4) an appeal
                                                                                                                                      (continued...)

court-appointed attorney who defended Introcaso at two criminal trials and on appeal. The defendant has filed a motion to dismiss[3] the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.[4] For the following reasons, I will grant the motion in its entirety.

## I. BACKGROUND

In May 2004, Introcaso was indicted by a federal grand jury with knowing possession of an unregistered firearm, i.e., a sawed-off or short-barrel shotgun; and knowing possession of unregistered destruction devices, i.e., three hand grenades, all in violation of the National Firearms Act, 26 U.S.C. §§ 5801-72. A year later, he was convicted of both counts. The trial court denied post-trial motions. United States v. Introcaso, No. 04-274 (E.D. Pa. August 30, 2005) (Order denying post-trial motions). On October 25, 2007, the Third Circuit Court of Appeals reversed the conviction on the first count, but affirmed the conviction and sentence on the second count. In doing so, the court provided the following facts:

---

[2](...continued)
of the trial court's decision to hold that motion in abeyance; and (5) two unsuccessful petitions to the Supreme Court for relief from his conviction and sentence. (Compl. ¶¶ 18, 36(j).)

[3] Defendant Polyak filed a motion to dismiss on September 13, 2007. (Document #5). Although Introcaso's response was due on September 27, 2007, none was filed. On January 18, 2008, I ordered Introcaso to file responses to all outstanding motions to dismiss on or before February 1, 2008. (Document #37). On March 17, 2008, having sought no extension, Introcaso filed a response to the motion to dismiss. (Document #54). Because it is untimely, I will strike this response from the record.

[4] On November 14, 2007, Defendant Polyak filed a second motion to dismiss solely to join in the motions of the other defendants. (Document #27). I will also grant this motion.

On February 2, 2004, the Lehigh County Sheriff's Office in Pennsylvania responded to a Protection from Abuse ("PFA") Order,[5] which required Introcaso to "immediately relinquish" all weapons to law enforcement, barred him from the marital residence shared with his wife, Samia Introcaso, and prohibited him from having any communication with her. Pursuant to the PFA Order, and at the direction of Introcaso's wife, police officers searched the house and found 28 firearms (including handguns and rifles), a machete, 21 knives, seven swords, and hundreds of pounds of ammunition. The police seized the weapons, but physically were unable to take the ammunition, which they left to retrieve later. One week later, Mrs. Introcaso again called the sheriff's office to inform them that she had found still more firearms belonging to her husband that she wanted removed from the house. One of the firearms was a 19th-Century shotgun that was displayed on a wall and not registered; it forms the basis for Count 1 of the indictment against Introcaso: knowing possession of a short-barreled rifle ("sawed-off shotgun") in violation of 26 U.S.C. § 5861(d). See also id. § 5845(a) (defining "firearm"), id. § 5871 (specifying penalty).

Again, pursuant to the initial PFA Order as well as Mrs. Introcaso's signed written consent to the search, the police retrieved six more firearms (a Thompson submachine gun, an M-14 rifle with a scope, a nine-millimeter pistol, two handguns, and another rifle), plus several military-style ammunition boxes, containing three live hand grenades and related components for explosive devices (black gun powder and fuse wire). The latter items were found inside a locked cabinet, for which the keys that Mrs. Introcaso had given the police did not work, forcing them to break open the lock (again with her consent). These items form the basis for Count 2 of the indictment: possession of unregistered

---

[5] The Pennsylvania Protection from Abuse Act, 23 Pa. Cons. Stat. Ann. §§ 6101-22, allows a plaintiff to obtain a PFA Order upon, *inter alia*, proof of abuse by a preponderance of the evidence at a hearing. See 23 Pa. Cons. Stat. Ann. §§ 6107, 6108. A PFA Order usually prohibits communication between the plaintiff and the defendant, 23 Pa. Cons. Stat. Ann. § 6108(a)(6), and may entail other requirements.

> destructive devices, also in violation of 26 U.S.C. § 5861(d).
> See also id. § 5845(f) (defining "destructive device"), id. §
> 5871 (specifying penalty).
>
> In May 2004, a federal grand jury returned an indictment
> charging Introcaso with illegal possession of an unregistered
> firearm and possession of unregistered destructive devices.
> At the conclusion of trial in January 2005, the Judge declared
> a mistrial because the jury was deadlocked. At the end of a
> second trial in May 2005, a jury returned a guilty verdict on
> both counts of the indictment. Soon after, Introcaso filed
> post-trial motions for acquittal, arrest of judgment, and for a
> new trial. At a sentencing hearing in August 2005, the
> District Court denied all of Introcaso's post-trial motions and
> sentenced him to six months' imprisonment and six months'
> supervised release on count one; 46 months' imprisonment
> and three years' supervised release on count two; a fine of $
> 2,000; and a special assessment of $200. The imprisonment
> terms were to run concurrently.

United States v. Introcaso, 506 F.3d 260, 263-264 (3d Cir. 2007) (footnote in original).

The court reviewed the conviction and sentence, concluded that the statute was ambiguous as to whether the antique firearm exception applied to Introcaso's shotgun, and applied the rule of lenity to reverse Introcaso's conviction on Count I. Id. at 272. Because the government's evidence was sufficient to establish that Introcaso was in possession of the hand grenades, the court affirmed the conviction on Count II of the indictment. Id.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." The rule is

4

designed to screen out cases where "a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-312 (3d Cir. 1999). Under Rule 12(b)(6), a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the non-moving party can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue, therefore, is not whether the non-moving party will ultimately prevail, but whether it is entitled to offer evidence to support its claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

In considering whether a pleading should be dismissed for failure to state a claim upon which relief can be granted, a court must consider only those facts alleged in the pleading and accept all of the allegations as true, drawing all reasonable inferences in favor of the non-moving party. ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); see also Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004) (in deciding motions pursuant to Rule 12(b)(6), courts generally consider only allegations in the pleading, exhibits attached to the pleading, matters of public record, and documents that form the basis of a claim).

## III. DISCUSSION

Introcaso brings a laundry list of allegations against Defendant Polyak, including

that he: (1) ignored Introcaso's "special witness list" and only called two or three witnesses to prove that Introcaso was being "set up for federal prosecution," Compl. ¶ 33; (2) refused to allow Introcaso and his wife to testify, id. ¶¶ 33, 36(g); (3) was "intentionally inept and prepared no defense" during the second trial, id. ¶ 35; (4) "intentionally and complicitously" refused to file post-trial motions, id. ¶¶ 35, 36(k); (5) ignored co-counsel's admonishments and advice, id. ¶ 36; (6) intentionally guaranteed the government a conviction "on a silver platter," id.; (7) exhibited "extraordinary comradery" with the prosecutor in front of the jury, id. ¶ 36(d); (8) "rubber-stamped" all of the government's evidence, id.; (9) conspired with a co-defendant and "arrogantly continued" the re-trial beyond the Speedy Trial deadline, id. ¶ 39(d)(3); (10) conspired with the other co-defendants to violate Introcaso's Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, id. ¶¶ 36(h), 45; and (11) specifically conspired with the prosecutor to make a false report to the trial judge, to the United States Marshal, and to co-counsel that Introcaso had made a threat "to get Seth Weber," such that Introcaso would continue to suffer "torturous prison confinement" and a denial of his rights to life, liberty, property and due process under the Fifth Amendment, id. ¶¶ 31, 36(j).

      The first nine of these claims involve allegations of ineffectiveness of counsel. Introcaso has already presented such claims to the court in his related criminal case by way of a post-trial motion for "acquittal under Rule 29(c), for arrest of judgment under rule 34(a)(1) and for new trial under Rule 33(a)." In an Order disposing of this motion,

the Honorable James Knoll Gardner found that claims for ineffectiveness of counsel were more appropriately raised in Section 2255 motions.[6] United States v. Introcaso, No. 04-274 (E.D. Pa. August 30, 2005) (Order denying post-trial motions) (citing United States v. Givan, 320 F.3d 452, 464-465 (3d Cir. 2003)).  Judge Gardner, however, considered the claims of ineffectiveness, and found them unwarranted:

> From the court's own observation of the conduct of this trial, it is the court's sense that Attorney Polyak presented a vigorous defense for claims for which there was significant evidence against the defendant.  The strength of this representation is evidenced by Attorney Polyak obtaining a mistrial on defendant's behalf when the case was initially tried in January 2005.  Perhaps subsequent hearings on any Section 2255 relief plaintiff may seek, could reveal otherwise, but nothing from Mr. Polyak's representation and conduct in either trial suggests to the court the need to remove him.

Id.  Under the law of the case doctrine, I refrain from revisiting issues decided earlier in the case in the absence of extraordinary circumstances.  See Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1997).  The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation, and applies as much to the decisions of a coordinate court in the same case as to a court's own decisions.  Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 816 (1988).  Because it prevents courts from entertaining endless appeals on the same issue, the doctrine promotes finality and judicial economy.

---

[6] I note that Introcaso also included claims of ineffectiveness of counsel in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which is currently under consideration by Judge Gardner.

Id.  The Supreme Court has elaborated on the scope and nature of this discretion:

> A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'

Id. at 817.  The Third Circuit Court of Appeals has recognized the following "extraordinary circumstances" that warrant a court's reconsideration of an issue decided earlier in the course of litigation:  (1) when new evidence is available; (2) when a supervening new law has been announced; or (3) when the earlier decision was clearly erroneous and would create manifest injustice.  Public Interest Research Group v. Magnesium Elektron, 123 F.3d at 116-117 (citing Bridge v. U.S. Parole Commission, 981 F.2d 97, 103 (3d Cir. 1992)).  None of these situations is present here.  Accordingly, I will refrain from re-deciding any claim of ineffectiveness of counsel, and dismiss these claims against Defendant Polyak.

Introcaso's tenth and eleventh claims against Defendant Polyak must also be dismissed.  Although not specifically cited, I assume that the allegations of Defendant Polyak conspiring with his co-defendants to violate Introcaso's constitutional rights are claims brought under Title 42 of the United States Code § 1983.  Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws.  It does not, by its own terms, create substantive rights.  Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979).  Section 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To establish a claim under § 1983, a plaintiff must allege (1) a deprivation of a federally protected right, and (2) commission of the deprivation by one acting under color of state law. Lake v. Arnold, 112 F.3d 682, 689 (3d Cir.1997). Defendant Polyak, although court-appointed to represent Introcaso in his criminal proceedings, did not act under color of state law for the purposes of § 1983, and cannot be held liable for these allegations. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his function as counsel); see also Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law). Thus, the tenth and eleventh claims against Defendant Polyak must also be dismissed.

Furthermore, where a plaintiff's § 1983 cause of action originates in Pennsylvania, the claims are subject to Pennsylvania's two-year limitation period governing personal injury causes of action. Rose v. County of York, 262 Fed. Appx. 485, 487 (3d Cir. 2008). Here, the factual basis for Introcaso's claims against Defendant Polyak arises out of Defendant Polyak's representation of Introcaso during his January 2005 criminal trial and his May 2005 criminal trial. Introcaso filed his complaint in Lehigh County Court of

Common Pleas on August 24, 2007, beyond the expiration of the limitation period. Accordingly, Introcaso's Section 1983 claims must also fail as untimely.

Finally, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-487 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment. Id. at 487. Here, success in Introcaso's § 1983 claims against Defendant Polyak would necessarily imply the invalidity of Introcaso's conviction and sentence. Notwithstanding the Third Circuit's reversal of the conviction on Count I, Introcaso cannot demonstrate that his conviction on Count II or his sentence has been invalidated. Id. (if the district court determines that the plaintiff's action, even if successful, would not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed). Accordingly, the claims in this complaint against Defendant Polyak

which I have construed as having been brought under § 1983 must be dismissed.

    An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEXANDER M. INTROCASO,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| v. | : | NO. 07-3726 |
| | : | |
| **JAMES M. POLYAK, et al.,** | : | |
| **Defendants** | : | |

## O R D E R

**AND NOW,** this   9th   day of July, 2008, upon consideration of Defendant Polyak's motions to dismiss, IT IS HEREBY ORDERED that:

1. The motions to dismiss (Documents #5 and 27) are GRANTED in their entirety;

2. The plaintiff's untimely response (Document #54) is STRICKEN;

3. All claims against Defendant Polyak are DISMISSED with prejudice.

BY THE COURT:


 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.