## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER M. INTROCASO, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-3726 |
| | : | |
| THOMAS J. BENNIS, et al., | : | |
| Defendants | : | |

### M E M O R A N D U M

**STENGEL, J.**                                                      **July 21, 2008**

Alexander M. Introcaso, who is represented by counsel, brings this civil action against various federal, state, and local law enforcement officials, alleging constitutional and common law tort claims targeting his prosecution and conviction for violating the National Firearms Act.[1]  He rehashes many claims already rejected by the courts during criminal and collateral proceedings in which he challenged his conviction and sentence.[2]  Among the defendants whom Introcaso sues are Thomas J. Bennis and James T. Spang,

---

[1] On August 24, 2007, Introcaso filed the complaint in the Court of Common Pleas of Lehigh County alleging that he had been improperly subjected to the search of his property, criminal investigation, and federal prosecution, all under color of the joint state and federal law enforcement initiative known as Project Safe Neighborhoods.  The defendants removed the case to this court pursuant to 28 U.S.C. § 1442(a)(1).  I subsequently denied Introcaso's motion for remand.  See Document #35.  On July 2, 2008, the Third Circuit Court of Appeals dismissed Introcaso's appeal of that Order for lack of jurisdiction.  See Document #56.

[2] Among Introcaso's collateral attacks have been: (1) an unsuccessful petition for writ of *habeas corpus* to the Court of Appeals; (2) a second later-denied *habeas* petition to the Court of Appeals; (3) an August 28, 2006 motion under 28 U.S.C. § 2255 to vacate or set aside his sentence, which the trial court held in abeyance pending Introcaso's direct appeal; (4) an appeal of the trial court's decision to hold that motion in abeyance; and (5) two unsuccessful petitions to the Supreme Court for relief from his conviction and sentence.  (Compl. ¶¶ 18, 36(j).)

Jr., who have filed a joint motion to dismiss the complaint pursuant to Rule 12(b) of the

Federal Rules of Civil Procedure.[3]  For the following reasons, I will grant the motion in

its entirety.

## I. <u>BACKGROUND</u>

In May 2004, Introcaso was indicted by a federal grand jury with knowing

possession of an unregistered firearm, i.e., a sawed-off or short-barrel shotgun; and

knowing possession of unregistered destruction devices, i.e., three hand grenades, all in

violation of the National Firearms Act, 26 U.S.C. §§ 5801-72.  A year later, he was

convicted of both counts.  On October 25, 2007, the Third Circuit Court of Appeals

reversed the conviction on the first count, but affirmed the conviction and sentence on the

second count.  In doing so, the court provided the following facts:

> On February 2, 2004, the Lehigh County Sheriff's Office in
> Pennsylvania responded to a Protection from Abuse ("PFA")
> Order,[4] which required Introcaso to "immediately relinquish"
> all weapons to law enforcement, barred him from the marital
> residence shared with his wife, Samia Introcaso, and
> prohibited him from having any communication with her.

---

[3]  These defendants filed this motion to dismiss on September 12, 2007.  (Document #3).
Although Introcaso's response was due on September 26, 2007, none was filed.  On January 18,
2008, I ordered Introcaso to file responses to all outstanding motions to dismiss on or before
February 1, 2008.  (Document #37).  On March 17, 2008, having sought no extension, Introcaso
filed a response to the motion to dismiss.  (Document #52).  Because it is untimely, I will strike
this response from the record.

[4]  The Pennsylvania Protection from Abuse Act, 23 Pa. Cons. Stat. Ann. §§ 6101-22,
allows a plaintiff to obtain a PFA Order upon, *inter alia*, proof of abuse by a preponderance of
the evidence at a hearing.  <u>See</u> 23 Pa. Cons. Stat. Ann. §§ 6107, 6108.  A PFA Order usually
prohibits communication between the plaintiff and the defendant, 23 Pa. Cons. Stat. Ann. §
6108(a)(6), and may entail other requirements.

Pursuant to the PFA Order, and at the direction of Introcaso's wife, police officers searched the house and found 28 firearms (including handguns and rifles), a machete, 21 knives, seven swords, and hundreds of pounds of ammunition. The police seized the weapons, but physically were unable to take the ammunition, which they left to retrieve later. One week later, Mrs. Introcaso again called the sheriff's office to inform them that she had found still more firearms belonging to her husband that she wanted removed from the house. One of the firearms was a 19th-Century shotgun that was displayed on a wall and not registered; it forms the basis for Count 1 of the indictment against Introcaso: knowing possession of a short-barreled rifle ("sawed-off shotgun") in violation of 26 U.S.C. § 5861(d). See also id. § 5845(a) (defining "firearm"), id. § 5871 (specifying penalty).

Again, pursuant to the initial PFA Order as well as Mrs. Introcaso's signed written consent to the search, the police retrieved six more firearms (a Thompson submachine gun, an M-14 rifle with a scope, a nine-millimeter pistol, two handguns, and another rifle), plus several military-style ammunition boxes, containing three live hand grenades and related components for explosive devices (black gun powder and fuse wire). The latter items were found inside a locked cabinet, for which the keys that Mrs. Introcaso had given the police did not work, forcing them to break open the lock (again with her consent). These items form the basis for Count 2 of the indictment: possession of unregistered destructive devices, also in violation of 26 U.S.C. § 5861(d). See also id. § 5845(f) (defining "destructive device"), id. § 5871 (specifying penalty).

In May 2004, a federal grand jury returned an indictment charging Introcaso with illegal possession of an unregistered firearm and possession of unregistered destructive devices. At the conclusion of trial in January 2005, the Judge declared a mistrial because the jury was deadlocked. At the end of a second trial in May 2005, a jury returned a guilty verdict on both counts of the indictment. Soon after, Introcaso filed post-trial motions for acquittal, arrest of judgment, and for a

> new trial.  At a sentencing hearing in August 2005, the
> District Court denied all of Introcaso's post-trial motions and
> sentenced him to six months' imprisonment and six months'
> supervised release on count one; 46 months' imprisonment
> and three years' supervised release on count two; a fine of $
> 2,000; and a special assessment of $ 200.  The imprisonment
> terms were to run concurrently.

United States v. Introcaso, 506 F.3d 260, 263-264 (3d Cir. 2007) (footnote in original).

The court reviewed the conviction and sentence, concluded that the statute was

ambiguous as to whether the antique firearm exception applied to the gun in question, and

applied the rule of lenity to reverse Introcaso's conviction on Count I.  Id. at 272.

Because the government's evidence was sufficient to establish that Introcaso was in

possession of the hand grenades, the court affirmed the conviction on Count II of the

indictment.  Id.

## II.  LEGAL STANDARD

        Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a

pleading for "failure to state a claim upon which relief can be granted."  The rule is

designed to screen out cases where "a complaint states a claim based upon a wrong for

which there is clearly no remedy, or a claim which the plaintiff is without right or power

to assert and for which no relief could possibly be granted."  Port Auth. v. Arcadian

Corp., 189 F.3d 305, 311-312 (3d Cir. 1999).  Under Rule 12(b)(6), a pleading should not

be dismissed for failure to state a claim unless it appears beyond doubt that the non-

moving party can prove no set of facts in support of its claim which would entitle it to

4

relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The issue, therefore, is not whether the non-moving party will ultimately prevail, but whether it is entitled to offer evidence to support its claims.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

In considering whether a pleading should be dismissed for failure to state a claim upon which relief can be granted, a court must consider only those facts alleged in the pleading and accept all of the allegations as true, drawing all reasonable inferences in favor of the non-moving party.  ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); see also Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004) (in deciding motions pursuant to Rule 12(b)(6), courts generally consider only allegations in the pleading, exhibits attached to the pleading, matters of public record, and documents that form the basis of a claim).

## III. <u>DISCUSSION</u>

Introcaso alleges that Defendants Bennis and Spang conspired with their co-defendants to effect "violations of the Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments" and the resultant "untold consequential ruinous demolition of the plaintiff's life, liberty, past, present and future personal estate, all without just cause or legitimate reason."  Compl. ¶ 36(h).  The complaint indicates that Defendant Bennis is the former Deputy Sheriff of Lehigh County who retired in November 2003.  Defendant Bennis is also a sponsor and a director of Lehigh Law Enforcement Association

(LLEOA), a private agency that furnishes security officers to the general public.  LLEOA was Introcaso's employer.  Id. ¶ 5.  The complaint also indicates that Defendant Spang was "Chief" of LLEOA.  Id. ¶ 6.  Introcaso contends that because these two defendants were "intimately associated" with LLEOA, they "also became jointly and severally active in privately using, administering, promoting, prosecuting and/or executing 'Project Safe Neighborhoods' on behalf of the United States Attorney and the President of the United States."  Id. ¶¶ 5, 6.

The complaint further alleges that Defendants Bennis and Spang joined together "to commence a PFA against the plaintiff by his spouse."  Id. ¶ 16.  As part of this elaborate scheme,[5] Introcaso contends that both defendants "choreographed and produced a video tape" featuring them questioning others, including Introcaso's wife, about the plaintiff.  Id. ¶ 17.  Defendants Bennis and Spang, according to Introcaso, directed Mrs. Introcaso how to act and what to say on the video tape, and even "threatened her with forced deportation and expulsion" from the United States if she did not comply.  Id. According to the complaint, Defendant Bennis mysteriously arrived at Introcaso's residence about the same time that the Emmaus Police Department was responding to a call from the residence.  Id.  At that time, Bennis became "an uninvited and unauthorized trespasser on and in the plaintiff's residential property, through which Bennis had roamed

---

[5] Introcaso characterizes this scheme as Defendants Bennis and Spang's private LLEOA Vendetta.  Compl. ¶ 31.

at will and had allegedly searched, unattended, while the women were upstairs."[6] Id.  The
Emmaus Police refused Bennis' demand to search the property claiming that there was no
probable cause and no Search Warrant.  Id.  Introcaso indicates that, in their report, the
Emmaus Police stated that Defendant Bennis was very angry that the police had not
complied with his demand to search.  Id.

On the following day, the complaint alleges, Defendant Spang visited the Lehigh
County Sheriff and the Lehigh County District Attorney.  Id. ¶ 19.  Thereafter, the district
attorney and detectives from the Sheriff's Office consulted and the detectives were sent to
the Introcaso home to search it.  Id.

Although not specifically cited, I assume that the allegations of Defendants Bennis
and Spang conspiring with their co-defendants to violate Introcaso's constitutional rights
are claims brought under Title 42 of the United States Code § 1983.  Section 1983
provides remedies for deprivations of rights established in the Constitution or federal
laws.  It does not, by its own terms, create substantive rights.  Baker v. McCollan, 443
U.S. 137, 145 n.3 (1979).  Section 1983 provides, in part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges,

---

[6] Introcaso insists that it was during this tour of the house that Defendant Bennis planted
three grenades in Introcaso's munitions cabinet, which became the basis of Count II of the
indictment against him.  Id. ¶ 36(b).

> or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress.

To establish a claim under § 1983, a plaintiff must allege (1) a deprivation of a

federally protected right, and (2) commission of the deprivation by one acting under color

of state law.  Lake v. Arnold, 112 F.3d 682, 689 (3d Cir.1997).  Defendants Bennis and

Spang, as private citizens, did not act under color of state law for the purposes of § 1983,

and cannot be held liable for these allegations.  Thus, the claims against Defendants

Bennis and Spang must be dismissed.

Furthermore, even if these defendants could have been considered as acting under

color of state law, where a plaintiff's § 1983 cause of action originates in Pennsylvania,

the claims are subject to Pennsylvania's two-year limitation period governing personal

injury causes of action.  Rose v. County of York, 262 Fed. Appx. 485, 487 (3d Cir. 2008).

Here, the factual basis for Introcaso's claims against these defendants arises out of their

putting into motion their alleged LLEOA Vendetta during February 2004.  Introcaso filed

his complaint in Lehigh County Court of Common Pleas on August 24, 2007, beyond the

expiration of the limitation period.  Accordingly, Introcaso's Section 1983 claims must

also fail as untimely.

Finally, I must also grant the motion to dismiss of these defendants because

Introcaso has failed to show that his conviction or sentence had ever been invalidated.

Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court held that a

prisoner's civil rights suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated.  Id. at 486-487.  This favorable termination rule applies no matter the target of the prisoner's suit, if success in that action would necessarily demonstrate the invalidity of confinement or its duration. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (1997).  Here, success in Introcaso's § 1983 claims against Defendant Bennis and Defendant Spang would necessarily imply the invalidity of Introcaso's conviction and sentence.  Notwithstanding the Third Circuit's reversal of the conviction on Count I, Introcaso cannot demonstrate that his conviction on Count II or his sentence has been invalidated.  Accordingly, the claims in this complaint against Defendant Bennis and Defendant Spang which I have construed as having been brought under § 1983 will be dismissed.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALEXANDER M. INTROCASO,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-3726** |
| | : | |
| **THOMAS J. BENNIS, et al.,** | : | |
| **Defendants** | : | |

**O R D E R**

**AND NOW,** this    21st      day of July, 2008, upon consideration of the joint

motion to dismiss of Defendant Bennis and Defendant Spang, IT IS HEREBY

ORDERED that:

1.      The motion to dismiss (Document #3) is GRANTED in its entirety;

2.      The plaintiff's untimely response (Document #52) is STRICKEN;

3.      All claims against Defendant Bennis and Defendant Spang are DISMISSED with prejudice.

4.      The Clerk of Court is directed to mark this case closed for all purposes.

BY THE COURT:

 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.